McDONALD, PARKER LEE, Associate Judge.
This is an appeal from a summary final judgment wherein the trial judge cancelled and declared to have no legal effect a mortgage held by the appellant on a condominium unit owned by the appellee.
This cause was submitted to the trial judge on stipulated facts which reveal that on August 20, 1965 Crystal Lake Apartments, Inc. executed a construction mortgage to appellant, First Federal Savings and Loan Association of Martin County. On March 15, 1966 plaintiff and Crystal Lake Apartments, Inc. entered into a contract of sale and purchase of the condominium unit in question for a sale price of $12,490.00. This contract contained a provision that “the agreement is subject and subordinate to the lien of the construction mortgage on the property (which encompassed the entire project), but the developer shall” “cause said mortgage to be discharged or subject apartment unit released of record prior to or simultaneously with the date of delivery of the deed.” In October 1966 the appellee, having paid the full contract price, moved into the premises. The appellant had actual knowledge of her occupation of the apartment and had been furnished a copy of the contract of purchase. The appellee was physically on the property part of November, 1966, January 10, 1967 to February 3, 1967, and April 10, 1967 to April 30, 1967. Crystal Lake Apartments, on April 27, 1967, executed a permanent mortgage on this unit. It apparently did this on other units as well. The proceeds of those mortgages were used to satisfy the construction mortgage. Payments on the April 27, 1967 mortgage were made by Crystal Lake Apartments. The appellee did not have actual knowledge of the existence of this mortgage until a short time prior to the institution of this action. Crystal Lake Apartments, Inc. executed a deed to the appellee which was dated April 26, 1967, signed by the grantee on April 28 and the grantor May 1, 1967.
The parties agree with the rule of law that a mortgagee takes his rights subject to the rights of purchasers who are in possession at the time the mortgage is recorded. Lee County Bank v. Metropolitan Life Insurance Co., Fla.App.1961, 126 So.2d 589.
The appellee had completed her bargain with Crystal Lake Apartments, Inc. It was Crystal Lake Apartments, Inc.’s duty to deliver her a deed free and clear. When Crystal Lake executed the mortgage to First Federal, it no longer had any equitable interest in the appellee’s unit, but mere legal title. The appellant was charged with knowledge of that fact.
Under the circumstances we must reject the contention of the appellant that its mortgage is valid since the funds derived from the challenged mortgage were used to satisfy the construction loan which had been a valid lien on the property. The equities are with the appellee and the trial judge committed no error in ruling as he did.
The judgment is affirmed.
OWEN; C. J., and CROSS, J., concur.